UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF CUSTOM DRYWALL, INC. | : | CA 05 349ML |
| V. | : | CA No. 2005- |
| WHITE & CARR INCORPORATED THE HANOVER INSURANCE COMPANY | : | |

COMPLAINT

1. The Plaintiff, Custom Drywall, Inc. ("Custom Drywall"), is a Rhode Island corporation with its principal place of business in East Providence, Rhode Island. Custom Drywall is bringing this litigation in the name of the United States of America for the use and benefit of Custom Drywall pursuant to 40 U.S.C. § 3131 et. seq.

2. The Defendant, White & Carr Incorporated ("White & Carr"), is a New York corporation with its principal place of business in New York that does business within the State of Rhode Island and has sufficient minimum contacts within the State of Rhode Island to satisfy the jurisdictional requirements of this Court.

3. The Defendant, The Hanover Insurance Company ("Hanover"), is a Delaware corporation with its principal place of business in Worcester, Massachusetts that does business within the State of Rhode Island and has sufficient minimum contacts within the State of Rhode Island to satisfy the jurisdictional requirements of this Court.

4. Jurisdiction of this matter is pursuant to 28 U.S.C. § 1331, as the matter involves a federal question under 40 U.S.C. § 3131 et. seq.

5. On or about August 7, 2003, the Defendant, White & Carr, entered into a written contract with the United States Department of the Interior, Fish & Wildlife Service for the construction, renovations and additions to the Administration/Visitor Facility at the Rhode Island National Wildlife Refuge Complex in Charlestown, Rhode Island ("the Project").

6. The contract, pursuant to the Miller Act, 40 U.S.C. § 3131 et. seq., required the Defendant, White & Carr, to secure a bond ("the Bond") relative to the Project.

7. Thereafter Defendants, Hanover, as surety and White & Carr, as principal signed and executed the Performance Bond, Bond Number 1701069.

8. On or about April 12, 2004, the Plaintiff, Custom Drywall, and the Defendant, White & Carr, entered into a written subcontract in the amount of $120,000.00 to procure, finish,

deliver & install all materials, scaffolding, hoisting, protection, tools, appliances, and any incidental items necessary by the Government or Contractor for the complete and successful execution of the subcontract work.

9. The Plaintiff furnished the aforementioned subcontractor services and provided material to the Defendant, White & Carr, in connection therewith in a timely and workmanlike manner.

10. The sum of $40,485.90 remains due and owing to Custom Drywall for labor and material supplied to the Project.

11. On May 19, 2005, Custom Drywall made demand upon Defendants, White & Carr and Hanover, for the amounts owed.

12. Despite demand, Defendants, White & Carr and Hanover, have failed and refused to pay.

13. All conditions precedent to the maintenance of this action have been performed.

COUNT I

Breach of Contract

14. The Plaintiff, Custom Drywall, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13.

15. The Defendant, White & Carr's failure to pay for services furnished pursuant to the written contract between Plaintiff and Defendant, White & Carr, constitutes a breach of contract.

WHEREFORE, the Plaintiff, Custom Drywall, demands judgment against Defendant, White & Carr, in the amount of $40,485.90, plus interest, costs, attorneys fees, and all other relief that this Court deems just.

COUNT II

Quantum Meruit

16. The Plaintiff, Custom Drywall, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15.

17. The Defendant, White & Carr, requested Custom Drywall provide labor, materials and equipment.

18. Pursuant to White & Carr's request, Custom Drywall furnished in good faith the labor, materials and equipment requested by White & Carr.

19. The fair and reasonable value of Custom Drywall's labor, materials and equipment used or employed in the construction of the Project which remains unpaid is $40,485.90.

WHEREFORE, the Plaintiff, Custom Drywall, demands judgment against Defendant, White & Carr, in the amount of $40,485.90, plus interest, costs, attorneys fees, and all other relief that this Court deems just.

COUNT III
Claim on Bond

20. The Plaintiff, Custom Drywall, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19.

21. The Plaintiff subcontracted directly with the Defendant, White & Carr, on the Project.

22. The Plaintiff fully performed its obligations under the subcontract, completing its work on the Project on or about November 4, 2004.

23. The Defendant, White & Carr, has not fully compensated the Plaintiff for its work completed pursuant to the subcontract.

24. The Defendant, Hanover, pursuant to the Miller Act, 40 U.S.C.A. § 3131 et. seq., owes Plaintiff the amount of monies White & Carr owes and has failed to pay Plaintiff for labor, material, equipment provided in the construction of the Project, including the attorneys fees incurred by Plaintiff in prosecuting this action.

25. The Defendant, Hanover, as surety under the Bond, is liable to the Plaintiff for the Defendant, White & Carr's failure and/or refusal to pay the $40,485.90 due and owing the Plaintiff on the Project.

WHEREFORE, the Plaintiff, Custom Drywall, demands judgment against Defendant, Hanover, in the amount of $40,485.90, plus interest, costs, attorneys fees, and all other relief that this Court deems just.

Custom Drywall, Inc.
By its Attorney,

Robert W. Smith #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
(401) 751-1500
FAX: (401) 751-4124

Date: August 16, 2005